**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WESTCOR LAND TITLE INSURANCE COMPANY | : <br> : <br> : |
| | : NO.  18-5465 |
| v. | : <br> : |
| PARADIGM TITLE GROUP, LLC d/b/a PARADIGM ABSTRACT OF PA, LLC. | : <br> : <br> : <br> : <br> : <br> : |

**DEFENDANT PARADIGM TITLE GROUP D/B/A PARADIGM ABSTRACT OF PA,
LLC'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Paradigm Title Group, LLC, d/b/a Paradigm Abstract of PA, LLC, by and through its undersigned counsel, hereby answers Plaintiff's Complaint and asserts affirmative defenses as follows:

1.      Denied. After reasonable investigation, Answering Defendant Paradigm Title Group d/b/a Paradigm Abstract of PA, LLC (hereinafter "Paradigm") is without sufficient knowledge to form a belief as to the truth of the averments in Paragraph One (1).

2.      Denied, as stated. The allegations in Paragraph Two (2) are admitted only to the limited extent that "Paradigm Abstract of PA, LLC" is a limited liability company incorporated in the State of New Jersey with a principal place of business located in Dauphin, PA.

3.      Admitted.

4.      Denied. The allegations in Paragraph Four (4) contain conclusions of law, to which no response is required.

5.      Denied, as stated. The allegations in Paragraph Five (5) contain conclusions of law, to which no response is required. These allegations are admitted only to the limited extent that Defendant transacts business in the Commonwealth of Pennsylvania.

6.      Denied. The allegations in Paragraph Six (6) contain conclusions of law, to which no response is required.

7.      Denied. The allegations in Paragraph Seven (7) contain conclusions of law, to which no response is required. To the extent a response is deemed required, the averments of this paragraph are admitted upon information and belief.

8.      Denied as stated. These allegations are admitted only to the limited extent that Defendant entered into an Agency Agreement with Plaintiff to perform certain services related to the issuance of policies of title insurance. These allegations are denied to all other extents pursuant to the terms and conditions of said Agreement.

9.      Denied. The allegations in Paragraph Nine (9) contain conclusions of law, to which no response is required. Furthermore, Plaintiff's "Exhibit A" is a written document, the content of which speaks for itself.

10.      Denied. The allegations in Paragraph Ten (10) are denied to the extent they are simply referring to the Agency Agreement attached as Plaintiff's "Exhibit A" and that said Agreement is a written document the content of which speaks for itself.

11.      Denied. The allegations in Paragraph Eleven (11) are denied to the extent they contain conclusions of law, to which no response is required.  Furthermore, the "Agency Agreement" attached as Plaintiff's "Exhibit A" is a written document the content of which speaks for itself.

12.     Denied. The allegations in Paragraph Twelve (12) are denied to the extent they contain conclusions of law, to which no response is required.   Furthermore, the "Agency Agreement" attached as Plaintiff's "Exhibit A" is a written document the content of which speaks for itself.

13.     Denied. The allegations in Paragraph Thirteen (13) are denied to the extent they contain conclusions of law, to which no response is required.   These allegations are further denied to the extent they are simply referring to the "Agency Agreement" attached as Plaintiff's "Exhibit A" which is a written document the content of which speaks for itself.

14.     Denied. The allegations in Paragraph Fifteen (15) are denied to the extent they contain conclusions of law, to which no response is required.   These allegations are further denied to the extent they are simply referring to the "Agency Agreement" attached as Plaintiff's "Exhibit A" which is a written document the content of which speaks for itself.

15.     Denied. The allegations in Paragraph Fifteen (15) are denied to the extent they contain conclusions of law, to which no response is required.   These allegations are further denied to the extent they are simply referring to the "Agency Agreement" attached as Plaintiff's "Exhibit A" which is a written document the content of which speaks for itself.

16.     Denied. The allegations in Paragraph Sixteen (16) are denied to the extent they contain conclusions of law, to which no response is required.   These allegations are further denied to the extent they are simply referring to the "Agency Agreement" attached as Plaintiff's "Exhibit A" which is a written document the content of which speaks for itself.

17.     Denied as stated. The allegations in Paragraph Sixteen (16) are denied to the extent they contain conclusions of law, to which no response is required.   These allegations are

admitted only to the limited extent that Paradigm performed certain services with regards to the real estate transaction referenced in this Paragraph.

18.    Admitted.

19.    Admitted.

20.    Denied.   The allegations in Paragraph Twenty (20) are denied to the extent Plaintiff is referencing a written document that is not part of the record and the content of which speaks for itself.

21.    Denied.  The allegations in Paragraph Twenty-One (21) are denied to the extent Plaintiff is referencing a written document that is not part of the record and the content of which speaks for itself.

22.    Denied.  The allegations in Paragraph Twenty-Two (22) are denied to the extent Plaintiff is referencing a written document that is not part of the record and the content of which speaks for itself.

23.    Denied.  The allegations in Paragraph Twenty-Three (23) are denied to the extent Plaintiff is referencing a written document that is not part of the record and the content of which speaks for itself.

24.    Denied.  The allegations in Paragraph Twenty-Four (24) are denied to the extent Plaintiff is referencing a written document that is not part of the record and the content of which speaks for itself.

25.    Denied.  The allegations in Paragraph Twenty-Five (25) are denied to the extent Plaintiff is referencing a written document that is not part of the record and the content of which speaks for itself.

26.    Denied as stated.

27.     Denied.  The allegations in Paragraph Twenty-Seven (27) are denied to the extent Plaintiff is referencing a written document that is not part of the record and the content of which speak for itself.

28.     Admitted.

29.     Denied.  The allegations in Paragraph Twenty-Nine (29) are denied to the extent Plaintiff is referencing a written document that is not part of the record and the content of which speak for itself.

30.     Denied. The allegations in Paragraph Thirty (30) are denied to the extent that, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

31.     Denied. After reasonable investigation answering Defendant is without knowledge sufficient to form a reasonable belief as to the truthfulness of the averments of this paragraph; thud, they are denied and strict proof thereof is demanded.

32.     Denied.  The allegations in Paragraph Thirty-Two (32) are denied to the extent the content of the referenced docket speaks for itself.

33.     Denied. The allegations in Paragraph Thirty-Three (33) are denied to the extent that, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

34.     Denied.  The allegations in Paragraph Thirty-Four (34) are denied to the extent Plaintiff is referencing a written document that is not part of the record and the content of which speak for itself.

35.     Denied.  The allegations in Paragraph Thirty-Five (35) are denied to the extent Plaintiff is referencing a written document that is not part of the record and the content of which

speak for itself. It is specifically denied that Paradigm failed to fulfill its contractual duties with regards to the referenced transaction, and strict proof thereof is demanded at trial.

36.    Denied. The allegations in Paragraph Thirty-Six (36) are denied to the extent that, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

37.    Denied.  The allegations in Paragraph Thirty-Seven (37) are denied to the extent they contain conclusions of law, to which no response is required.

38.    Denied. The allegations in Paragraph Thirty-Seven (37) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

39.    Denied. The allegations in Paragraph Thirty-Nine (39) are denied to the extent that, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

40.    Denied. The allegations in Paragraph Forty (40) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

41.    Denied. The allegations in Paragraph Forty-One (41) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

42.     Denied. The allegations in Paragraph Forty-Two (42) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

43.     Denied. The allegations in Paragraph Forty-Three (43) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

44.     Denied. The allegations in Paragraph Forty-Four (44) are denied to the extent they contain conclusions of law, to which no response is required.

## COUNT I
## (Negligence, as Subrogee)

45.     Answering Defendant incorporates herein by reference the responses set forth in the preceding paragraphs, as if set forth fully herein.

46.     Denied. The allegations in Paragraph Forty-Six (46) are denied to the extent they contain conclusions of law, to which no response is required.

47.     Denied. The allegations in Paragraph Forty-Seven (47) are denied to the extent they contain conclusions of law, to which no response is required.

48.     Denied. The allegations in Paragraph Forty-Eight (48) are denied to the extent they contain conclusions of law, to which no response is required.

49.     Denied. The allegations in Paragraph Forty-Nine (49) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

50.     Denied. The allegations in Paragraph Fifty (50) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

51.     Denied. The allegations in Paragraph Fifty-One (51) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

52.     Denied. The allegations in Paragraph Fifty-Two (52) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

53.     Denied. The allegations in Paragraph Fifty-Three (53) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

54.     Denied. The allegations in Paragraph Fifty-Four (54) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

55.     Denied. The allegations in Paragraph Fifty-Five (55) are denied to the extent they contain conclusions of law, to which no response is required.

**WHEREFORE**, Answering Defendant Paradigm Title Group d/b/a Paradigm Abstract of PA, LLC respectfully requests judgment in its favor and against the Plaintiff.

## COUNT II
### (Breach of Contract, as Subrogee)

56.     Answering Defendant incorporates herein by reference the responses set forth in the preceding paragraphs, as if set forth fully herein.

57.     Denied, as stated. The allegations in Paragraph Fifty-Seven (57) are admitted only to the limited extent that Defendant entered into an Agency Agreement with Plaintiff to perform certain services related to the issuance of policies of title insurance. These allegations are denied to all other extents pursuant to the terms and conditions of said Agreement.

58.     Denied. The allegations in Paragraph Fifty-Eight (58) are denied to the extent they contain conclusions of law, to which no response is required.

59.     Denied. The allegations in Paragraph Fifty-Nine (59) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

60.     Denied. The allegations in Paragraph Sixty (60) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

61.     Denied. The allegations in Paragraph Sixty-One (61) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

62.     Denied. The allegations in Paragraph Sixty-Two (62) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

63.     Denied. The allegations in Paragraph Sixty-Three (63) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

64.     Denied. The allegations in Paragraph Sixty-Four (64) are denied to the extent they contain conclusions of law, to which no response is required.

**WHEREFORE**, Answering Defendant Paradigm Title Group d/b/a Paradigm Abstract of PA, LLC respectfully requests judgment in its favor and against the Plaintiff.

## COUNT III
### (Negligence)

65.     Answering Defendant incorporates herein by reference the responses set forth in the preceding paragraphs, as if set forth fully herein.

66.     Denied, as stated. The allegations in Paragraph Sixty-Six (66) are admitted only to the limited extent that Defendant entered into an Agency Agreement with Plaintiff to perform certain services related to the issuance of policies of title insurance. These allegations are denied to all other extents pursuant to the terms and conditions of said Agreement.

67.     Denied. The allegations in Paragraph Sixty-Seven (67) are denied to the extent they contain conclusions of law, to which no response is required.

68.     Denied. The allegations in Paragraph Sixty-Eight (68) are denied to the extent they contain conclusions of law, to which no response is required.  These allegations are further

denied to the extent they are simply referring to the "Agency Agreement" attached as Plaintiff's "Exhibit A" which is a written document the content of which speaks for itself.

69.     Denied. The allegations in Paragraph Sixty-Nine (69) are denied to the extent they contain conclusions of law, to which no response is required.  These allegations are further denied to the extent Plaintiff is referencing a written document that is not part of the record and the content of which speak for itself.

70.     Denied. The allegations in Paragraph Seventy (70) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

71.     Denied. The allegations in Paragraph Seventy-One (71) are denied to the extent that, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

72.     Denied. The allegations in Paragraph Seventy-Two (72) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

73.     Denied. The allegations in Paragraph Seventy-Three (73) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

74.     Denied. The allegations in Paragraph Seventy-Four (74) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response,

after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

75.     Denied. The allegations in Paragraph Seventy-Five (75) are denied to the extent they contain conclusions of law, to which no response is required. By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

**WHEREFORE**, Answering Defendant Paradigm Title Group d/b/a Paradigm Abstract of PA, LLC respectfully requests judgment in its favor and against the Plaintiff.

## COUNT IV
### (Breach of Contract)

76.     Answering Defendant incorporates herein by reference the responses set forth in the preceding paragraphs, as if set forth fully herein.

77.     Denied. The allegations in Paragraph Seventy-Seven (77) are denied to the extent they contain conclusions of law, to which no response is required.  These allegations are further denied to the extent they are simply referring to the "Agency Agreement" attached as Plaintiff's "Exhibit A" which is a written document the content of which speaks for itself.

78.     Denied. The allegations in Paragraph Seventy-Eight (78) are denied to the extent they contain conclusions of law, to which no response is required.  These allegations are further denied to the extent they are simply referring to the "Agency Agreement" attached as Plaintiff's "Exhibit A" which is a written document the content of which speaks for itself.

79.     Denied. The allegations in Paragraph Seventy-Nine (79) are denied to the extent they contain conclusions of law, to which no response is required.  These allegations are further denied to the extent they are simply referring to the "Agency Agreement" attached as Plaintiff's "Exhibit A" which is a written document the content of which speaks for itself.

80.     Denied. The allegations in Paragraph Eighty (80) are denied to the extent they contain conclusions of law, to which no response is required.  By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

81.     Denied. The allegations in Paragraph Eighty-One (81) are denied to the extent they contain conclusions of law, to which no response is required.  By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

82.     Denied. The allegations in Paragraph Eighty-Two (82) are denied to the extent they contain conclusions of law, to which no response is required.  By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

83.     Denied. The allegations in Paragraph Eighty-Three (83) are denied to the extent they contain conclusions of law, to which no response is required.  By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

84.     Denied. The allegations in Paragraph Eighty-Four (84) are denied to the extent they contain conclusions of law, to which no response is required.  By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

**WHEREFORE**, Answering Defendant Paradigm Title Group d/b/a Paradigm Abstract of PA, LLC respectfully requests judgment in its favor and against the Plaintiff.

## COUNT V
## (Breach of Fiduciary Duty)

85.     Answering Defendant incorporates herein by reference the responses set forth in the preceding paragraphs, as if set forth fully herein.

86.     Denied. The allegations in Paragraph Eighty-Six (86) are denied to the extent they contain conclusions of law, to which no response is required.   It is specifically denied that Paradigm agreed to act in a fiduciary capacity for Westcor.

87.     Denied. The allegations in Paragraph Eighty-Seven (87) are denied to the extent they contain conclusions of law, to which no response is required.   It is specifically denied that Paradigm agreed to act in a fiduciary capacity for Westcor.

88.     Denied. The allegations in Paragraph Eighty-Eight (88) are denied to the extent they contain conclusions of law, to which no response is required.   It is specifically denied that Paradigm agreed to act in a fiduciary capacity for Westcor.   These allegations are further denied to the extent they quote language from an uncited source.

89.     Denied. The allegations in Paragraph Eighty-Nine (89) are denied to the extent they contain conclusions of law, to which no response is required.   By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.   It is also specifically denied that Paradigm agreed to act in a fiduciary capacity for Westcor.

90.     Denied. The allegations in Paragraph Ninety (90) are denied to the extent they contain conclusions of law, to which no response is required.   By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

91.     Denied. The allegations in Paragraph Ninety-One (91) are denied to the extent they contain conclusions of law, to which no response is required.  By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.  It is also specifically denied that Paradigm agreed to act in a fiduciary capacity for Westcor.

92.     Denied. The allegations in Paragraph Ninety-Two (92) are denied to the extent they contain conclusions of law, to which no response is required.

**WHEREFORE**, Answering Defendant Paradigm Title Group d/b/a Paradigm Abstract of PA, LLC respectfully requests judgment in its favor and against the Plaintiff.

### COUNT VI
### (Indemnity)

93.     Answering Defendant incorporates herein by reference the responses set forth in the preceding paragraphs, as if set forth fully herein.

94.     Denied. The allegations in Paragraph Ninety-Four (94) are denied to the extent they contain conclusions of law, to which no response is required.  These allegations are further denied to the extent they are simply referring to the "Agency Agreement" attached as Plaintiff's "Exhibit A" which is a written document the content of which speaks for itself.

95.     Denied. The allegations in Paragraph Ninety-Five (95) are denied to the extent they contain conclusions of law, to which no response is required.  By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

96.     Denied. The allegations in Paragraph Ninety-Six (96) are denied to the extent they contain conclusions of law, to which no response is required.  By way of further response, after

15

reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

97.     Denied. The allegations in Paragraph Ninety-Seven (97) are denied to the extent they contain conclusions of law, to which no response is required.  By way of further response, after reasonable investigation, Answering Defendant is without sufficient knowledge to form a belief as to the truth of these allegations and demands strict proof thereof at trial.

98.     Denied. The allegations in Paragraph Ninety-Eight (98) are denied to the extent they contain conclusions of law, to which no response is required.

**WHEREFORE**, Answering Defendant Paradigm Title Group d/b/a Paradigm Abstract of PA, LLC respectfully requests judgment in its favor and against the Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action based on breach of fiduciary duty, in that no such duty existed in connection with the relationship of the parties.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to establish grounds for imposing liability on Paradigm under Section 14 of the Agency Agreement titled "Liability of Issuing Agent; Insurance".

### THIRD AFFIRMATIVE DEFENSE

Defendant has not engaged in fraud or any conduct that would otherwise constitute a breach of this Agreement.

## FOURTH AFFIRMATIVE DEFENSE

At no time material hereto has the Defendant, nor any agent, servant or employee of Defendant, engaged in gross negligence that directly or proximately resulted in harm to the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

At no time material hereto has the Defendant failed to comply with the terms of the Agency Agreement or with the rules, regulations or instructions given to Defendant by Plaintiff that directly or proximately resulted in harm to the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

At no time material hereto has the Defendant, nor any agent, servant or employee of Defendant, lost or misapplied funds, documents or other things of value that directly or proximately resulted in harm to the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

At no time material hereto has there been an actual or alleged act or omission by the Defendant, nor any agent, servant or employee of Defendant, that directly or proximately resulted in harm to the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's allegations against Paradigm for violating a fiduciary duty fail to state a claim upon which relief may be granted, in that no such duty exists under the terms and conditions of the subject Agency Agreement.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by the terms, conditions, exclusions, exceptions, limitations, and/or limits of liability of the subject Agency Agreement, or any other section or language contained therein.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, to the extent that three days prior to Closing, Plaintiff independently requested its own continuation search of the Record Owner and Lien Certificates, and Plaintiff thereafter failed to discover any suspect nature of the Seller's title.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, to the extent that on December 12, 2017, three days prior to Closing, Plaintiff independently requested its own continuation search of the Record Owner and Lien Certificates, and Plaintiff thereafter failed to discover any suspect nature of the Seller's title.

ELEVENTH AFFIRMATIVE DEFENSE

The Record Owner and Lien Certificates continuation search independently requested by Plaintiff on December 12, 2107, gave Plaintiff effective notice of Philadelphia Court of Common Pleas Case Docket No. 070200153 confirming that the subject real property located at 1923 Gerritt Street, Philadelphia, PA 19146, had been sold at tax sale on or about December 7, 2017.

TWELFTH AFFIRMATIVE DEFENSE

Defendant processed the subject application for title insurance and issued the subject Policy in a timely, prudent and ethical manner with due regard to recognized title insurance underwriting practices.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendant complied with all requirements established by Plaintiff and/or in accordance with recognized title insurance underwriting practices and/or those imposed by the Department of Insurance regarding search and examination of title and the clearance of objections or exceptions to title prior to binding Plaintiff under the subject Policy.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant complied with all requirements under the subject Title Commitment related to this Transaction.

FIFTEENTH AFFIRMATIVE DEFENSE

All damages claimed by Plaintiff are not reasonable or necessary, but are instead excessive and unreasonable.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by contributory negligence.

SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's injuries were caused by individuals/entities over which Defendant has no control.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is limited and/or barred by the assumption of the risk.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

Under the terms of the pertinent Title Commitment, Westcor could not be held liable for any "defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this commitment."

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

Under the terms of the pertinent Title Commitment, Westcor could not be held liable for any "rights or claims by parties in possession or under the terms of any unrecorded lease or agreement(s) of sale."

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

Defendant fully complied with its duties related to obtaining updated payoffs or perform updated docket searches prior to closing, as enumerated in the terms and conditions of the relevant Agency Agreement.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's tort claims are barred by the economic loss doctrine

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's tort claims are barred by the gist of the action doctrine.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

Plaintiff does not have standing to assert its subrogation claim against Defendant.

**WHEREFORE**, Answering Defendant Paradigm Title Group d/b/a Paradigm Abstract of PA, LLC respectfully requests judgment in its favor and against the Plaintiff.

                              **MARSHALL DENNEHEY WARNER**
                              **COLEMAN & GOGGIN**


                    BY:    *s/ Aaron E. Moore*
                              Aaron E. Moore, Esquire
                              Attorney ID No. 91672
                              2000 Market Street, Suite 2300
                              Philadelphia, PA  19103
                              (215) 575-2899
                              (215) 575-0856
                              aemoore@mdwcg.com
                              Attorney for Defendant


Dated: February 15, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WESTCOR LAND TITLE INSURANCE COMPANY | : <br> : <br> : <br> :   NO.  18-5465 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| v. | |
| PARADIGM TITLE GROUP, LLC d/b/a PARADIGM ABSTRACT OF PA, LLC. | |

**CERTIFICATE OF SERVICE**

I, <u>Aaron E. Moore, Esquire</u>, do hereby certify that a true and correct copy of the enclosed Answer to Complaint with Affirmative Defenses was electronically filed with the Court on the date listed below and is available for viewing and downloading from the ECF System.

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY:    *s/ Aaron E. Moore*           
             Aaron E. Moore, Esquire
             Attorney ID No. 91672
             2000 Market Street, Suite 2300
             Philadelphia, PA  19103
             (215) 575-2899
             (215) 575-0856
             aemoore@mdwcg.com
             Attorney for Defendant

Dated: <u>February 15, 2019</u>